IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRUD ROSSMAN,

        Plaintiff,

v.                                                                                No. 16cv955 MCA/KK

LENNERT LEADER, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

        **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 24, 2016 ("Application"), and on his Complaint, Doc. 1, filed August 24, 2016.  For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.  Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

        The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).  "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff states that: (i) his average monthly income is $0.00; (ii) his average monthly expenses are $400.00; (iii) he is unemployed; and (iv) he has no assets.  The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed and his monthly expenses exceed his monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be

2

drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint, which is difficult to understand, asserts claims for fraud and conversion which are apparently based on actions that occurred during his employment as a venture capital investor and the transfer of a real property. Most of those alleged activities occurred in 2003 or earlier. *See* Complaint at 12, 15, 17-20, 23-26, 29, 41, 51. Some of the allegations suggest that a few activities occurred as late as 2012, but those allegations do not, by themselves, show that Plaintiff is entitled to relief. *See* Complaint at 21-22, 32, 39, 40.

The Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim because the conversion and fraud claims appear, based on the allegations in the Complaint, to be time-barred. *See Jackson v. Standifird*, 463 Fed.Appx. 736, 737 (10th Cir. 2012) ("Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim") (citing *Yoder v. Honeywell,* 104 F.3d 1215, 1224 (10th Cir.1997)). The statute of limitations for conversion and fraud is six years if the action is based on a written contract and four years if based on an unwritten

3

contract.  *See Schwartz v. New Mexico Medical Board*, 2015WL7199244 *1 (N.M. Ct. App.) (unpublished opinion) (citing N.M. Stat. Ann. §§ 37-1-3 (actions founded on written contracts) and 37-1-4 (actions founded on unwritten contracts)).  The Complaint does not contain any allegations that the four or six year statutes of limitations do not apply or should be tolled.

Because it is dismissing all of Plaintiff's claims for failure to state a claim, the Court will dismiss Plaintiff's Complaint without prejudice.  Plaintiff may file an amended complaint within 21 days of entry of this Order.  Plaintiff's amended complaint shall comply will all applicable Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8 (complaint must set out a short, plain statement of the claim showing that the pleader is entitled to relief and each allegation must be simple, concise, and direct); D.N.M.LR-Civ. 10.4 ("Exhibits are not to be attached to a pleading unless the documents attached form the basis for the action or defense").  Failure to timely file an amended complaint which complies with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure may result in dismissal of this case without prejudice.

**Change of Address**

Several documents that the Court mailed to Plaintiff were returned to the Court marked "Return to Sender, Attempted – Not Known, Unable to Forward."  *See* Doc's 4-7, filed August 29-31, 2016.  "All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses."  D.N.M.LR-Civ. 83.6.  Plaintiff has not notified the Court of any change in his mailing address.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 24, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Complaint, Doc. 1, filed August 24, 2016, is **DISMISSED without prejudice.**  Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**